UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AR RAZZAAQ RASHID BEY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03200-JRS-MPB |
| | ) | |
| TYLER O. MOORE, *et. al.* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT ALLEN WILSON AND COMPETITION TOWING & RECOVERY**
**MOTION TO DISMISS**

Plaintiff's complaint should be dismissed in its entirety as to Allen Wilson and Competition Towing & Recovery, with prejudice, as the Complaint fails to state a claim upon which relief can be granted.

*Introduction*

On October 19 of 2020, Plaintiff filed a Complaint. [Filing No. 1]. On November 2 of 2020, Plaintiff filed what *appears* to be an Amended Complaint. [Filing No. 3] Because it is unclear to counsel whether Filing No. 3 was intended to be an Amended Complaint, Counsel will address both filings.

*Filing No. 1*

Filing No. 1 has very little discussion of either Allen Wilson or Competition Towing & Recovery. Both are listed as Defendants. [Filing No. 1 at 1-2]. The Plaintiff alleges, in Paragraph 12, that Allen Wilson and Competition Towing & Recovery have not made "any written response to the Affidavit of Truth from all parties involved sent certified mail return

receipt to me. It has not been Honored nor answered." [Filing No 1 at 3.] The Plaintiff then demands $75,000 in punitive and $75,000 in compensatory damages. [Filing No 1 at 6.]

There is no other mention of Allen Wilson or Competition Towing & Recovery in Filing No. 1.

Failing to respond to an Affidavit of Truth is not actionable. In the event that Plaintiff seeks discovery in his State Court criminal matter, this can be done in State Court. However, merely failing to respond to an "affidavit of truth" - without more - does not allege sufficient facts for the present cause of action.

### *Filing No. 3*

Counsel assumes that Filing No. 3 is intended to serve as an amended complaint. Filing No. 3 also names both Allen Wilson and Competition Towing & Recovery as Defendants. [Filing No. 3 at 4.] The only mention of Allen Wilson and Competition Towing and Recovery is in Paragraph 21:

> I proceeded to ask for his Oath of Office and Security blanket/bond Numbers. Public Servant Jordan Buckley replied, "that there's no such thing, it doesn't exist." Ending with "NO!!! I don't have one and as far as his oath, to look it up, figure it out!" I exited to COMPETITION TOWING & RECOVERY LLC, to pay $105 ransom to get my property back.

[Filing No. 3 at 7]. Plaintiff then demands $75,000 from Allen Wilson. [Filing No. 3 at 14]. There is no other mention of Allen Wilson or Competition Towing & Recovery in Filing No. 3.

Concluding that a towing fee is "ransom" – without any additional facts to support this assertion – is not sufficient to allow the claim to proceed.

### *Analysis*

A pleading requires "a short and plain statement of the claim showing that the pleader is entitled to relief" under Federal Rule of Civil Procedure 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-

78 (2009). A pleading that contains only a "the-defendant-unlawfully-harmed-me accusation" is not sufficient to meet the requirements of FRCP 8, but the Rule does not require detailed factual allegations either. *Id*. at 678. Rather, what is required is sufficient factual matter, accepted as true, that "state[s] a claim to relief that is plausible on its face." *Id*. A pleading is not sufficient if it merely provides "'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action . . . '" *Id*. To survive a motion to dismiss for failure to state a claim, the complaint must "provide the grounds of his entitlement to relief" by stating "factual allegations [that are] enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Despite the fact that the court must accept the Plaintiff's factual allegations as true in reviewing a motion to dismiss, the court is not required "to accept as true a legal conclusion couched as a factual allegation." *Id*. If the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.*

### *Conclusion*

The Plaintiff has alleged that Allen Wilson and/or Competition Towing & Recovery failed to respond to an affidavit of truth.  The Plaintiff also concludes that "ransom" was charged, without alleging any facts to support this conclusion.  This is not sufficient to allege a cause of action upon which relief can be granted.  The claim against Allen Wilson and Competition Towing & Recovery should be dismissed with prejudice.

/s/ *Jeff Cardella*
Jeff Cardella - Atty. No. 27051-49
The Law Office of Jeff Cardella, LLC
333 N. Alabama St. # 357
Indianapolis, IN 46204
Phone: (317) 695-7700

Fax: (317) 454-1334<br>
Email: jeffcardella@cardellalawoffice.com<br>
Web: www.cardellalawoffice.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 18 of 2021, a copy of the foregoing pleading was filed electronically by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also certify that a copy of the foregoing was sent by US mail, postage prepaid, to:

Ar Razzaaq Rashid Bey
1524 North Purdum Street
Kokomo, IN 46901

<i>/s/ Jeff Cardella</i><br>
Jeff Cardella